# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **BARBARA LESTER**, | Case No. 6:14-cv-1151-SI |
| Plaintiff, | **ORDER** |
| v. | |
| **CAROLYN W. COLVIN**, Commissioner of Social Security, | |
| Defendant. | |

On May 18, 2015, the Court granted the parties' stipulation motion to remand this matter for further proceedings. On August 10, 2015, the Court granted Plaintiff's unopposed application for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, in the amount of $3,320.01. EAJA fees are subject to the Treasury Offset Program, and all of the awarded EAJA fees was taken under that program, resulting in Plaintiff's counsel receiving nothing in EAJA fees. Plaintiff's counsel did receive a $6,000 agency fee award.

Plaintiff's counsel now moves for attorney's fees of $11,817.77 pursuant to 42 U.S.C. § 406(b). ECF 36. Plaintiff asserts that this figure represents 25 percent of Plaintiff's retroactive benefits, which Plaintiff asserts is $47,271.09. Thus, Plaintiff's counsel requests an additional

payment from Plaintiff of $5,817.77, which represents the requested $11,817.77 less the agency fee award of $6,000 already received by Plaintiff's counsel.

Defendant's only objection to the proposed fee award is that Plaintiff included the months of August, September, and October 2016 in calculating the $47,271.09 "past-due benefits." Under the Social Security regulations, "past-due benefits" do not include the month the "favorable" "decision or determination" is made. 20 C.F.R. § 416.1503. In August 2016 Defendant made its decision that Plaintiff met the medical requirements to receive Supplemental Security Income ("SSI") benefits and in November 2016 Defendant made its decision that Plaintiff met the non-medical requirements. *See* ECF 25-3. Defendant argues that the "favorable" decision to award benefits for purposes of 20 C.F.R. § 416.1503 occurred in August 2016, and that the decision from November 2016 was merely one of "eligibility." Defendant also argues that its interpretations of its own regulations is "controlling unless plainly erroneous or inconsistent with the regulation." *Auer v. Robbins*, 519 U.S. 452, 461 (1997).[1]

Plaintiff does not respond to Defendant's argument. Accordingly, the Court accepts that Defendant's argument is meritorious. *See See Smith v. San Diego Americans for Safe Access*, 2014 WL 1729021, at *4 (S.D. Cal. May 1, 2014) (finding that for a particular issue the party defending against the motion "has conceded the point, for present purposes, by failing to file a response"); *Sunbelt Rentals, Inc. v. Victor*, 2014 WL 492364, at *9 (N.D. Cal. Feb. 5, 2014) (""The Court construes Sunbelt's lack of response as an admission that Victor's argument is meritorious." (citing *Ramirez v. Ghilotti Bros. Inc.*, 941 F. Supp. 2d 1197, 1210 (N.D. Cal. 2013) (finding that the failure to respond to argument amounts to a concession that the argument has

---

[1] *But see Decker v. Nw. Env't Def. Ctr.*, 133 S. Ct. 1326, 1338 (2013) (Roberts, C.J., concurring) ("It may be appropriate to reconsider that principle [*Auer* deference] in an appropriate case. But this is not that case.").

merit))); *Ardente, Inc. v. Shanley*, 2010 WL 546485, at *6 (N.D. Cal. Feb. 10, 2010) ("Plaintiff fails to respond to this argument and therefore concedes it through silence."). Thus, the Court accepts Defendant's proposed reduced calculation of back-due benefits, $ 45,316.42. The Court makes its own calculation of attorney's fees, noting that Defendant's calculation is inaccurate.[2]

Although Defendant does not object to any other aspect of the proposed award, the Court must perform an independent review to ensure that the award is reasonable. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). For the following reasons, Plaintiff's counsel's motion for fees is granted.

## STANDARDS

Under 42 U.S.C. § 406(b), a court entering judgment in favor of a social security disability insurance claimant who was represented by an attorney "may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009). Counsel requesting the fee bears the burden to establish the reasonableness of the requested fee. *Gisbrecht*, 535 U.S. at 807. The attorney's fee award is paid by the claimant out of the past-due benefits awarded; the losing party is not responsible for payment. *Gisbrecht*, 535 U.S. at 802.

A court reviewing a request for attorney's fees under § 406(b) "must respect 'the primacy of lawful attorney-client fee agreements,' 'looking first to the contingent-fee agreement, then

---

[2] Defendant asserts that fees should be calculated as: "($45,316.42 × .25) - $3,320.01 = $5,329.11." ECF 27 at 4. Although Defendant proposes the correct end result, the proposed mathematical calculation is incorrect. Taking 45,316.42 and multiplying it by 0.25 equals 11,329.11; subtracting 3,320.01 equals 8,009.10. Defendant's calculation also misunderstands the amounts already received by Plaintiff's counsel. Plaintiff's counsel did not receive any of the $3,320.01 EAJA fees, but did receive a $6,000 agency fee award. Thus, the proper calculation is ($45,316.42 x 0.25) - $6,000. This equals $5,329.11, which is $488.67 less than the amount requested by Plaintiff.

testing it for reasonableness.'" *Crawford*, 586 F.3d at 1148 (*quoting Gisbrecht*, 535 U.S. at 793, 808). Routine approval of fees pursuant to a contingency fee agreement calling for the statutory maximum is, however, disfavored. *See Fintics v. Colvin*, 2013 WL 5524691, at *2 (D. Or. Oct. 2, 2013). Contingent fee agreements that fail to "yield reasonable results in particular cases" may be rejected. *Gisbrecht*, 535 U.S. at 807. There is no definitive list of factors for determining the reasonableness of the requested attorney's fees, but courts may consider the character of the representation, the results achieved, whether there was delay attributable to the attorney seeking the fee, and whether the fee is in proportion to the time spent on the case (to avoid a windfall to attorneys). *See Id*. at 808; *Crawford*, 586 F.3d at 1151-52. Although the Supreme Court has instructed against using the lodestar method to calculate fees, a court may "consider the lodestar calculation, but *only as an aid* in assessing the reasonableness of the fee." *Crawford*, 586 F.3d at 1148; *see also Gisbrecht*, 535 U.S. at 808 (noting that courts may consider counsel's record of hours spent representing claimant and counsel's normal hourly billing rate for non-contingency work as an aid in considering reasonableness of requested fees).

## DISCUSSION

As prescribed by *Gisbrecht* and *Crawford*, the Court begins its analysis by reviewing the contingency fee agreement executed by Plaintiff and his counsel. ECF 25-2. Plaintiff agreed to pay attorney's fees not to exceed 25 percent of the back benefits awarded, which is within the statutory maximum and is the amount Plaintiff's counsel seeks in this motion.

The Court next considers the appropriate factors to determine whether a downward adjustment is necessary in this case, and finds that no downward adjustment is warranted. Plaintiff's counsel achieved good results for Plaintiff (stipulated remand), the representation of Plaintiff was professional, there was no delay attributable to Plaintiff's counsel, and the fee was in proportion to the time spent on the case and would not result in a windfall to Plaintiff's

counsel. Plaintiff's counsel spent approximately 17.5 hours on the case. The effective hourly rate for the requested fee is, therefore, approximately $647.38, which is below effective hourly rates that have been approved in this district. *See, e.g.*, *Quinnin v. Comm'r*, 2013 WL 5786988, at *4 (D. Or. Oct. 28, 2013) (approving *de facto* hourly rate of $1,240 for attorney time); *Ali v. Comm'r*, 2013 WL 3819867 (D. Or. July 21, 2013) (approving *de facto* hourly rate of $1,000); *Breedlove v. Comm'r*, 2011 WL 2531174 (D. Or. June 24, 2011) (approving *de facto* hourly rate of $1,041.84).

## CONCLUSION

Plaintiff's counsel's motion for attorney fees pursuant to 42 U.S.C. § 406(b) (ECF 24) is GRANTED IN PART. Plaintiff's counsel is entitled to $11,329.11 in § 406(b) fees, representing 25 percent of Plaintiff's applicable retroactive benefits recovery. When issuing the section 406(b) check for payment to Plaintiff's attorney, the Commissioner is directed to subtract the $6,000 previously paid to Plaintiff's counsel and send Plaintiff's attorney the balance of $5,239.11, less any applicable administrative assessment as allowed by statute.

**IT IS SO ORDERED**.

DATED this 9th day of January, 2017.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge